IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | I N D I C T M E N T |
| ) | |
| ) | Case No. _____ |
| -vs- ) | . |
| ) | Violation:  21 U.S.C. §§ 841(a)(1), 846, |
| CURI CABERI TAPIA-MARTINEZ, ) | and 848(a) and (c); and 18 U.S.C. § 2 |
| a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO; ) | |
| CLEMENTE TAPIA PEREZ, ) | |
| a/k/a CLEMENTE TAPIA; ) | |
| ANA JULIETTA EQUIHUA-VAZQUEZ, ) | |
| a/k/a JULIETTA; ) | |
| JOSE MARCELLO LOPEZ, a/k/a JOE; ) | |
| CLETO LOPEZ CONTRERAS, ) | |
| a/k/a CLETO CONTRERAS LOPEZ; ) | |
| JOSE REYNALDO MARTINEZ JR., ) | |
| a/k/a BEANS; ) | |
| CHARLES JOHN SATTLER, a/k/a C. J.; ) | |
| ALROY JAMES ST. CLAIRE; ) | |
| GLORIA JEAN ANDERSON, ) | |
| a/k/a GLORIA JEAN SATTLER; ) | |
| MARK JAMES PAGENKOPF; and ) | |
| BRADLEY JAMES LANZ ) | |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2005 continuously through the date of this Indictment, in the District of North Dakota, and elsewhere,

    CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO;
        CLEMENTE TAPIA PEREZ, a/k/a CLEMENTE TAPIA;
        ANA JULIETTA EQUIHUA-VAZQUEZ, a/k/a JULIETTA;
           JOSE MARCELLO LOPEZ, a/k/a JOE;

CLETO LOPEZ CONTRERAS, a/k/a CLETO CONTRERAS LOPEZ;
JOSE REYNALDO MARTINEZ JR., a/k/a BEANS;
CHARLES JOHN SATTLER, a/k/a C. J.;
ALROY JAMES ST. CLAIRE;
GLORIA JEAN ANDERSON, a/k/a GLORIA JEAN SATTLER;
MARK JAMES PAGENKOPF; and
BRADLEY JAMES LANZ

did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, California, and elsewhere.

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

4.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

5.  During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred and arranged the transfer of methamphetamine from California to Minnesota and North Dakota.

6.  During the course of and to further said conspiracy, members of the conspiracy, through the use of money wires, transferred, received, and arranged to have United States currency transferred and received to and from various locations.

7.  Methamphetamine was stored and distributed at various locations during the course of the conspiracy in North Dakota, Minnesota, and elsewhere;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

### Possession with Intent to Distribute a Controlled Substance

The Grand Jury Further Charges:

On or about September 30, 2005, in the District of Minnesota,

CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO,

knowingly and intentionally possessed with intent to distribute approximately 49.3 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Cokato, Minnesota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT THREE

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about May 19, 2006, in the District of Minnesota,

CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, and CLEMENTE TAPIA PEREZ, a/k/a CLEMENTE TAPIA,

knowingly and intentionally possessed with intent to distribute approximately 250.8 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Montevideo, Minnesota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>                                        </u>COUNT FOUR

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about June 14, 2006, in the District of North Dakota,

ALROY JAMES ST. CLAIRE

knowingly and intentionally distributed approximately 3.19 grams of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about July 18, 2006, in the District of Minnesota,

CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO;
CLEMENTE TAPIA PEREZ, a/k/a CLEMENTE TAPIA; and
CHARLES JOHN SATTLER, a/k/a C. J.,

knowingly and intentionally possessed with intent to distribute approximately two pounds of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Moorhead, Minnesota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SIX

### Continuing Criminal Enterprise

The Grand Jury Further Charges:

From in or about January 2005, and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, California and elsewhere,

CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO,

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that he did violate Title 21, United States Code, Sections 841(a)(1) and 846 including, but not limited to, the violations alleged in Counts One, Two, Three, and Six of this Indictment. These counts are incorporated herein by reference.  The above-described violations were, and are, part of a continuing series of violations which include, but are not limited to:

a.  CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, on multiple and separate occasions, distributed and aided and abetted the distribution of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to indicted co-conspirator CHARLES JOHN SATTLER, a/k/a C. J., during the time frame of the enterprise.

b.  CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, on multiple and separate occasions, distributed and aided and abetted the distribution of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance,

to indicted co-conspirator GLORIA JEAN ANDERSON, a/ka GLORIA

JEAN SATTLER, during the time frame of the enterprise.

c.  CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO,

a/k/a PRIMO, on multiple and separate occasions, distributed and aided

and abetted the distribution of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, by arranging

the interstate transportation of methamphetamine from California to Minnesota

to North Dakota through the use of various couriers.

d.  CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a

PRIMO, knowingly and intentionally aided, abetted, counseled, commanded,

induced, and procured co-conspirators to use, on multiple occasions, a residence

in Montevideo, Minnesota, (Residence #1), to facilitate the activities of the

enterprise, including but not limited to:  storing and possessing a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, with intent to distribute it, during the time frame of the

enterprise.

e.  CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a

PRIMO, knowingly and intentionally aided, abetted, counseled, commanded,

induced, and procured co-conspirators to use, on multiple occasions, a residence

in Dawson, Minnesota, (Residence #2), to facilitate the activities of the enterprise, including but not limited to: storing and possessing a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with intent to distribute it, during the time frame of the enterprise.

    f.  CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured co-conspirators to use, on multiple occasions, a residence in Fargo, North Dakota, (Residence #3), to facilitate the activities of the enterprise, including but not limited to:  storing and possessing a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with intent to distribute it, during the time frame of the enterprise.

These continuing series of violations were undertaken by defendant CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, in concert with at least five other persons with respect to whom defendant CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, occupied a position of organizer, supervisor, and manager including, but not limited to, the following individuals:  (1) M. C.; (2) CLEMENTE TAPIA PEREZ,  a/k/a CLEMENTE TAPIA; (3) JOSE MARCELLO LOPEZ, a/k/a JOE; (4) ANA JULIETTA EQUIHUA-VAZQUEZ, a/k/a JULIETTA; (5) V. L.; and (6) CLETO LOPEZ CONTRERAS, a/k/a CLETO CONTRERAS LOPEZ.

From these continuing series of violations defendant, CURI CABERI TAPIA-MARTINEZ, a/k/a TAHOE, a/k/a PAPO, a/k/a PRIMO, obtained substantial income;

In violation of Title 21, United States Code, Sections 848(a) and (c), and Title 18, United States Code, Section 2.

A TRUE BILL:

/s/ Grand Jury Foreperson

Foreperson


/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney


CCM:ld